THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lyman Campbell, Appellant,
v.
Laura Caligiuri, Respondent.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-044
Submitted November 1, 2004  Filed January 
 19, 2005

AFFIRMED

 
 
 
Chad L. Bacon, of Greenville, for Appellant.
A. Marvin Quattlebaum, Jr. and Peter G. Siachos, both of Greenville, for Respondent.
 
 
 

PER CURIAM:  Lyman Campbell brought this action against Laura Caligiuri 
 for payment of a real estate sales commission.  After a jury returned a verdict 
 in favor of Caliguiri, the trial court awarded her attorneys fees, pursuant 
 to the parties exclusive buyer agency agreement.  Campbell appeals.  We affirm. 
 [1]   
FACTUAL/PROCEDURAL BACKGROUND
In the spring of 2002, Caligiuri contacted Campbell, a realtor, about 
 purchasing a home in the Greenville area.  Caligiuri was new to the area, having 
 accepted a position with Greenville Hospital Systems, which referred her to 
 Campbell.  On April 12, 2002, Caliguiri and Campbell entered into an exclusive 
 buyer agency agreement.  Two days after entering into the agreement, Caligiuri, 
 through Campbell, made an offer on a house.  The offer was accepted.  Caligiuri 
 and the seller entered into a contract for sale on April 14, 2002.  
Caligiuri applied for financing from Palmetto Bank.  Palmetto Bank 
 granted Caliguiri loan approval, contingent upon the liquidation of certain 
 assets, including her IRA account, for the down payment and closing costs.   
 Prior to closing, Caligiuri contacted the loan officer and stated she had decided 
 not to liquidate any assets but wanted to pursue an interim loan for the down 
 payment and closing costs.  The loan officer informed her that the additional 
 loan payment would make her loan unapprovable.  Caligiuri then withdrew her 
 application for financing.  The contract for sale of the house expired May 31, 
 2002.  Caligiuri did not purchase another house in the Greenville area.  
Although the closing never occurred on the property, Campbell brought 
 this action against Caligiuri for breach of contract and bad faith seeking payment 
 of a real estate commission, actual and punitive damages, and attorneys fees.  
 The case was tried before a jury.  The jury returned verdict in favor of Caligiuri.  
 The trial court subsequently awarded her $7600.00 in attorneys fees.  This 
 appeal followed.  
Standard of Review
In reviewing the denial of motions for directed verdict and JNOV, the evidence 
 and the reasonable inferences that can be drawn therefrom must be viewed in 
 the light most favorable to the non-moving party.  Brady Dev. Co. v. Town 
 of Hilton Head Island, 312 S.C. 73, 78, 439 S.E.2d 266, 269 (1993); Evans 
 v. Taylor Made Sandwich Co., 337 S.C. 95, 99, 522 S.E.2d 350, 352 (Ct. App. 
 1999).  The motion should be denied where the evidence yields more than one 
 inference or its inference is in doubt.  Evans, 337 S.C. at 99, 522 
 S.E.2d at 352.  When considering the motion, neither the appellate court nor 
 the circuit court has authority to decide credibility issues or to resolve conflicts 
 in the testimony and evidence.  Reiland v. Southland Equip. Serv., Inc., 
 330 S.C. 617, 634, 500 S.E.2d 145, 154 (Ct. App. 1998).
Discussion
Campbell argues the trial court erred in not holding that he was 
 entitled to his commission as a matter of law.  We disagree.
As a general rule, a broker has earned his commission when he procures a purchaser 
 who is accepted by the owner of the property and with whom the latter enters 
 into a valid and enforceable contract.  Champion v. Whaley, 280 S.C. 
 116, 119, 311 S.E.2d 404, 406 (Ct. App. 1984).  However, the broker and principal 
 may make the right to the commission contingent upon the occurrence of certain 
 events.  Hamrick v. Cooper River Lumber Co., 223 S.C. 119, 124, 74 S.E.2d 
 575, 577 (1953); Chambers v. Pingree, 351 S.C. 442, 451, 570 S.E.2d 528, 
 532 (Ct. App. 2002).  A broker suing to recover his commission has the burden 
 of proving all the conditions precedent to his right to performance have occurred.  
 Chambers, 351 S.C. at 451, 570 S.E.2d 528 at 532.
We look to the exclusive agency agreement to determine when Campbells commission 
 is deemed to be earned.  In construing a contract, the primary purpose of the 
 court is to ascertain and give effect to the intent of the parties.  Schulmeyer 
 v. State Farm Fire & Cas. Ins. Co., 353 S.C. 491, 495, 579 S.E.2d 132, 
 134 (2003).  When a contract is unambiguous a court must construe its provisions 
 according to the terms the parties used; understood in their plain, ordinary, 
 and popular sense.  Id.  A contract is ambiguous when it is capable 
 of more than one meaning or when its meaning is unclear.  Ellie, Inc. v. 
 Miccichi, 358 S.C. 78, 93, 594 S.E.2d 485, 493 (Ct. App. 2004).  In ascertaining 
 intent with an ambiguous contract, the court will strive to discover the situation 
 of the parties, along with their purposes at the time the contract was entered.  
 Id.  Any ambiguity in the construction of the agreement must be resolved 
 against Campbell, who prepared the agreement.  See Hamrick, 223 
 S.C. at 126, 74 S.E.2d at 578.
Here, the exclusive agency agreement provides:

Buyer understands that commission payable to Broker under Section 4 below shall 
 be deemed earned upon Buyer and Seller entering into a binding contract for 
 real estate to which this Agreement applies, whether or not Broker was directly 
 involved in the transaction leading to such contract.  

The agreement further provides:

The Broker is directed to first seek compensation from the transaction at closing. 
 . . .  If Buyer elects to acquire such property, Buyer shall pay Broker an amount 
 equal to the difference in any fee received by the Buyers Broker from the listing 
 broker and a total fee of not less than three percent (3%) of the gross price 
 of the transaction, or amount equal to the CM code offered by the listing broker, 
 whichever is greatest.  

We find that even if Campbells commission was not contingent upon 
 closing, it was still not earned until Caligiuri had entered into a binding, 
 and thus valid and enforceable, contract for sale.  There is no question that 
 Caligiuri entered into a valid contract with a seller.  See Champion, 
 280 S.C. at 122, 311 S.E.2d at 408 (The fact that no duty of performance can 
 arise until the happening of a condition does not make the existence of the 
 contract depend upon its happening, unless the parties so intend.).  Although 
 the contract states that it is a binding contract, it also provides:  The obligation 
 of Purchaser to purchase is contingent upon the Purchaser obtaining a loan in 
 the amount of 90% of the purchase price.  Thus, the contract only became enforceable 
 and thus binding against Caligiuri upon her meeting this contingency.  The real 
 estate agreement, which provides Campbell earned his commission upon Calguiri 
 entering into a binding contract, encompasses the same contingency.  
It is undisputed Caliguiri never received a loan commitment.  
 However, as a general rule, one who prevents a condition of a contract cannot 
 rely on the other partys resulting nonperformance in an action on the contract.  
 Champion, 280 S.C. at 120, 311 S.E.2d at 406. 

It is sufficient for the plaintiff to present evidence that 
 the defendants prevention substantially contributed to the nonoccurrence 
 of the condition.  Once he has made such proof, the burden shifts to the defendant.  
 If the defendant can show that the condition would not have occurred regardless 
 of the prevention, then the prevention did not contribute materially to its 
 nonoccurrence and the condition is not excused.

Id., at 122, 311 S.E.2d at 407 (citation omitted).  The prevention of 
 the condition precedent must be intentional or entail wrongdoing.  Chambers, 
 351 S.C. at 451, 570 S.E.2d 528 at 532.
When Caligiuri applied for financing, she had not sold her house in Florida 
 at the time and had initially planned on liquidating her IRA account to fund 
 her down payment and closing costs.  Palmetto Bank pre-qualified Caligiuri for 
 a loan, granting her approval contingent upon her liquidating these assets.  
 In liquidating her IRA account, Caligiuri would have incurred penalties and 
 fees.  Rather than incur these penalties and fees, Caligiuri attempted to acquire 
 an additional loan to fund the closing.  It was not until the bank rejected 
 this attempt that Caligiuri withdrew her loan application.  The seller is not 
 required to put the brokers interests ahead of his own.   Chambers, 
 351 S.C. at 453, 570 S.E.2d 528 at 534.
We find the evidence supports the conclusion that Caligiuri was not acting 
 in bad faith or intentionally trying to deprive Campbell of his fee but was 
 merely protecting her own financial interest.  
Furthermore, Palmetto Banks loan officer testified that even if Caligiuri 
 had liquidated her assets, she would not have been approved for the loan because 
 her debt ratio was too high.  Thus, regardless of Caligiuris withdrawal of 
 the application, she would not have been able to obtain financing and meet the 
 condition precedent.  
As the condition precedent of obtaining financing was not excused or met, the 
 contract of sale never became enforceable against Caligiuri.  Absent an enforceable, 
 and thus binding contract, Campbell was not entitled to a commission.  We find 
 the trial court did not err in denying Campbells motions for directed verdict 
 and JNOV.  
AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.